UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMARTLING, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| EASYLING LLC and ) | |
| SKAWA INNOVATION LTD., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **PLAINTIFF'S COMPLAINT FOR UNFAIR COMPETITION AND PASSING OFF**

Plaintiff, Smartling, Inc. ("Smartling" or "Plaintiff"), by and through its undersigned counsel, submits this Complaint against Defendants, Easyling LLC and Skawa Innovation Ltd. (collectively, "Easyling" or "Defendants") for acts of unfair competition, passing off, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), arising from Easyling's efforts to promote and sell a website translation and localization tool.

### THE PARTIES

1. Plaintiff, Smartling is a Delaware corporation, with its principal place of business at 1375 Broadway, 14th Floor, New York, New York 10018.  Since 2009, Smartling has been engaged in the business of making online content truly international through the promotion and sale of software-as-a-service solutions to streamline the process of generating multilingual website content.

2. Upon information and belief, defendants Easyling LLC and Skawa Innovation Ltd. are both Hungarian companies, each with a principal place of business at Corvin sétány 1, Budapest, Hungary, H-1082.

3. Easyling engages in a substantial amount of business with an American company (or group of affiliated companies) that does business as Lionbridge, which is located in Waltham, Massachusetts ("Lionbridge"). Lionbridge also has business relationships with Smartling.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) and (b). Personal jurisdiction in this district is proper because Defendants conduct and direct business within and to this jurisdiction. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(3) and (c)(3).

## FACTS COMMON TO ALL CLAIMS

5. There is a massive market for web-based translation and localization services. The Internet connects people from all over the world. However, while technology connects Internet users, language keeps them separated because less than 30% of global Internet users speak English. Studies have shown that web-based purchasers are six times more likely to buy something from an Internet site if they can conduct the transaction in their native language. Translation and localization services provide websites with the capability to give international web-based consumers what they want and need.

6. Smartling is a leading provider of website translation and website internationalization and localization services. Smartling's reputation was built on its ability rapidly to capture, manage, and deliver content in other languages to countries all over the globe, with the goal of expanding a company's "reach" beyond its home country or native language.

7. Since 2009, Smartling has offered content globalization services to companies around the world in numerous industries, including gaming, hospitality, manufacturing, and software. Smartling's customers have relied upon Smartling to internationalize not only their

websites, but their mobile applications, documents, and other digital content. Smartling has become an indispensable tool for customers seeking to conduct business in a transnational or "borderless" marketplace.

8. Plaintiff owns the trademark SMARTLING and SMARTLING (Stylized), including all common law rights relating to the use of these trademarks, and the goodwill symbolized by the trademarks thereof in connection with "cloud"-based translation management services including:

   a. Website translation services
   b. Downloadable software
   c. Content collection
   d. Translator tools
   e. Workflow management
   f. Analytics
   g. Terminology management
   h. Contextualized translation
   i. Application programming interfaces
   j. Translation memory.

9. All of the above, including all common law rights therein, are collectively referred to as "the Marks." Photocopies of the Marks, as used in commerce, are attached hereto at <u>Exhibit A</u>.

10. The Marks have been extensively and continually used, promoted, and advertised by Smartling within the United States for more than five (5) years for website translation and content management services.

11.     Smartling has expended substantial amounts of time, effort, and money over the past five years to promote the Marks and ensure that consumers in the public associate the Marks exclusively with Smartling.

12.     The Marks have acquired distinctiveness in the minds of consumers and operate uniquely to identify Smartling and its services.  The Marks also represent the substantial goodwill associated with Smartling and its services.

## Defendants' Wrongful Acts

13.     Defendants provide website translation services under the name and trademark EASYLING.  On the website at www.easyling.com, Defendants advertise their website translation tools and services.  Defendants use the EASYLING mark, which shares a formulation and connotation that is very similar to Plaintiff's SMARTLING mark.

14.     In 2012, Smartling became aware of defendant Easyling LLC's use of the Marks and Smartling's website content on Easyling's website.  Easyling adopted the business strategy of many emerging market web-based companies of making itself essentially a "clone" of Smartling.  This strategy included the adoption of a confusingly similar company name, company logos, verbatim copying of some of Smartling's website content—including Smartling's website Terms of Service--and copying of Smartling's other promotional material.  Examples of the respective website pages are attached hereto at Exhibit B.

15.     Smartling revises its website frequently.  Easyling has repeatedly copied the content in Smartling's website, all in an attempt to capture the essence, or "look and feel" of Smartling's website and to confuse consumers into mistakenly believing they have either reached Smartling's website and/or that Easyling and Smartling are affiliated.

16. Easyling has also copied major elements from Smartling's promotional video. Smartling's video may be viewed at https://vimeo.com/12974706. After Smartling launched this video, Easyling published its own video, which may be viewed at https://www.youtube.com/watch?v=kxxycTDxXvg. It is evident that Easyling modeled its promotional video with the intention of capturing the same look and feel presented in Smartling's video, copying the visual elements of a globe with protruding text bubbles, and depicting the same images and word content when discussing the difficulties of website translation.

17. Easyling has moved its activities beyond the realm of the general consuming public and attempted to influence pertinent industry consumers. In the LT ADVISOR database – a resource relied upon by language technology industry insiders – in an overview entry for Easyling, Easyling has listed "SMARTLING" as a keyword for Easyling's product, along with terms describing the capabilities of Easyling's translation tool. The inclusion of the SMARTLING mark in the keyword section of Easyling's entry in this database mistakenly conveys to the consumer that Easyling's product is either related to Smartling's product, and/or that Easyling's product is equivalent to Smartling's product, which is not the case.

18. All of this has been an attempt by Easyling to create either actual marketplace confusion or at least initial interest confusion in the relevant market for website translation and localization services. Easyling's efforts to create initial interest confusion are ongoing.

19. Easyling's endeavors to clone Smartling's intellectual property assets to avoid advertising and promotional expenditures is underscored and confirmed in published remarks authored by Balazs Benedict, Easyling's Co-Founder and Chief Technology Officer. Mr. Benedict published these remarks at the website www.techcrunch.com on March 30, 2012. In

the comments section after an article entitled "How Do You Go Global Against Clones and Competitors," Easyling's Founder and CEO published a comment asserting that Easyling is a clone of Smartling, and posted evidence of Easyling's copying of Smartling's promotional video and Terms of Service.  A copy of the post may be viewed at <u>Exhibit C</u>.  In response, Mr. Benedict noted that while Smartling had invested $14 Million in creating a "great, gorgeous, lovable, well-crafted, and beautiful" product and brand, Easyling had spent "$0.001 million on the design."  Mr. Balazs went on to observe that "Services are always getting better and better by cloning them."  Thus, Mr. Balazs readily admits that Easyling is a clone of Smartling and that Easyling has used Smartling's intellectual property assets to build Easyling's brand and service offerings.  The fact that Easyling expended virtually none of its own resources in creating and promoting its product and generating brand loyalty while relying on investments made by Smartling in its brand and service offerings is the essence of unfair competition.

20. While not an exhaustive list, the three most relevant factors in an initial interest confusion analysis are:  (1) the similarity of the marks: (2) the relatedness of the goods; and (3) the marketing channel used.  Smartling and Easyling both sell similar services via the Internet.  By adopting a confusingly similar name (in terms of sight, sound and meaning), repeatedly altering its logos, website content, and advertising material to mimic Smartling's, Easyling has intentionally attempted to create and has created initial interest confusion in the global marketplace for web-based translation and localization services.

<u>COUNT I</u><br>(<u>FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND PASSING OFF</u>)

21. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-20 of the Complaint.

22.     Because of Defendants' efforts both to associate their website translation tools and services with the goodwill and reputation of the SMARTLING name and brand, consumers are falsely led to believe that Defendants' website translation tools and services are associated with, endorsed or are sponsored, or otherwise approved by, Plaintiff in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Easyling has acted intentionally to create at least initial interest confusion, if not actual confusion, between itself and Smartling.

23.     The foregoing acts and conduct by Defendants constitute false designation of origin and passing off in connection with products and services distributed and sold in interstate commerce, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24.     Defendants' acts, as set forth above, have caused irreparable injury to Plaintiff's goodwill and reputation.  The injury to Plaintiff is, and continues to be, ongoing and irreparable.  An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

25.     Plaintiff is entitled to injunctive relief against Defendants, pursuant to § 34 of the Lanham Act, 15 U.S.C. § 1116.  Plaintiff is also entitled to Defendants' profits and Plaintiff's damages, trebled, and to reasonable attorneys' fees and costs, pursuant to § 35 of the Lanham Act, 15 U.S.C. § 1117.

<u>**COUNT II**</u>
**(<u>VIOLATION OF MASS. GEN. LAWS C. 93A</u>)**

26.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-25 of the Complaint.

27.     Defendants are engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws c. 93A.

28. Defendants' acts occurred primarily and substantially within the Commonwealth of Massachusetts.

29. Defendants' use of the Marks constitutes an unfair method of competition and an unfair or deceptive act or practice in the conduct of trade or commerce, in violation of Mass. Gen Laws c. 93A, §§ 2, 11.

30. Plaintiff has been and is being damaged by said acts of Defendants.

### COUNT III
### (COMMON LAW UNFAIR COMPETITION)

31. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1-30 of the Complaint.

32. Plaintiff's SMARTLING marks are distinctive of Plaintiff's services, and the public has come to recognize the Marks as identifying Plaintiff as the source of efficient and high-quality website translation and content management services.

33. In view of the association by the public of Marks with Plaintiff and its services, Defendants' use of EASYLING in connection with its website translation tools, along with its copying of Plaintiff's advertising, is bound to cause confusion, mistake, and deception of the relevant public as to whether Defendants' goods and services emanate from, or are licensed or approved by, Plaintiff.

34. Defendants' conduct complained herein constitutes common law unfair competition. Said conduct has damaged and will continue to irreparably damage Plaintiff's valuable goodwill unless enjoined by this Court.

WHEREFORE, Plaintiff prays for judgement against Defendants as follows:

A. That Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants who receive

actual notice of the court's order by personal service or otherwise, be permanently and immediately enjoined from:

    i. doing any act or thing likely to induce the belief that Defendants' products and services are in any way connected with, sponsored, affiliated, licensed, or endorsed by Plaintiff;

    ii. using any signs and other indicia on Defendants' advertising and promotional materials that use the Marks, whether in print or electronic form;

    iii. operating a website or retail store using the name EASYLING (alone or with any other term) or any mark that is confusingly similar to EASYLING;

    iv. using EASYLING in any manner in any media, including in any social media outlet, to advertise, promote, or sell website translation tools and services;

    v. using the EASYLING mark, or other marks that are deceptively similar to the Marks, in connection with a website or as metatags, director names, other computer addresses, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship, or affiliation of Smartling with Defendants.

B.    That Defendants are further ordered to actively and immediately undertake, via search engine optimization or other means, to remove all references to the EASYLING website translation business from the Internet.

C.    That Defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Plaintiff within thirty (30) days after service of the permanent injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction;

D.    That Plaintiff recover its actual damages sustained as a result of Defendants' wrongful actions;

E. That the Court treble the amount of said damages and award attorneys' fees as provided by Mass. Gen. Laws c. 93A, § 11;

F. That Plaintiff recover Defendants' profits made as a result of Defendants' wrongful actions;

G. That Plaintiff recover three (3) times Defendants' profits made as a result of Defendants' wrongful actions or three (3) times Plaintiff's damages, whichever is greater;

H. That this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendants be deemed liable for and ordered to reimburse Plaintiff for its reasonable attorneys' fees;

I. That Plaintiff be awarded exemplary damages for Defendants' willful and intentional acts;

J. That Plaintiff recover its costs of court; and

K. That Plaintiff recover such further relief to which it may be entitled.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims and issues so triable.

Dated: July 24, 2014

        Plaintiff,
        SMARTLING, INC.,

        By its attorneys,

        */s/ John W. Moran*
        Kevin G. Kenneally, BBO No. 550050
        John W. Moran, BBO No. 664914
        LeClairRyan, *A Professional Corporation*
        One International Place, 11th Floor
        Boston, MA  02110
        *kevin.kenneally@leclairryan.com*
        *john.moran@leclairryan.com*
        Tel: 617-502-8200
        Fax:  617-502-8262


Of Counsel,

Laurin H. Mills, Esq.
LeClairRyan, *A Professional Corporation*
2318 Mill Road
Suite 1100 Alexandria, Virginia 22314
*laurin.mills@leclairryan.com*
Tel:  704-647-5903
Fax:  704-647-5953