IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMARTLING, INC., | CIVIL ACTION NO. 14-cv-13106-ADB |
| Plaintiff, | Hon. Judge Allison D. Burroughs |
| v. | |
| SKAWA INNOVATION LTD., | |
| Defendant. | |

**Defendant's Response to Plaintiff's Statement of Additional Authority and Proposed Revision Regarding Proposed Jury Instructions**

Defendant Skawa Innovation Ltd. submits the following response to Plaintiff's "Statement of Additional Authority and Proposed Revision Regarding Proposed Jury Instructions."

**Abandonment**

Plaintiff proposes to add to the abandonment instruction that "Modernization of trade dress does not, however, result in abandonment of the trade dress when the newer form of the trade dress retains the commercial impression of the previous version." Plaintiff cites to McCarthy on Trademarks and Unfair Competition and a Pennsylvania District Court preliminary injunction order in Peter Luger v. Silver Star Meats, 2002 U.S. Dist. LEXIS 19483, *4, 63 U.S.P.Q.2D (BNA) 1555, 1557.

Peter Luger has no relationship to the "modernization of trade dress" referred to by

Plaintiff.  Instead, the court there evaluated whether "a company which purchases the goodwill, trade name and trade dress of a product" forfeited its right to the "goodwill associated with those attributes merely because it transitions to a new brand name."  Peter Luger v. Silver Star Meats, 2002 U.S. Dist. LEXIS 19483, *4, 63 U.S.P.Q.2D (BNA) 1555, 1557.

Further, this is not a situation of "modernization of trade tress" as referenced in 3 McCarthy on Trademarks and Unfair Competition § 17:28 (5th ed.)  It is a wholesale change unrelated to "modernization".  Moreover, with the case set to go the jury in hours, the issue has not been litigated.

The instruction as it was at the end of the charging conference stated the standard for abandonment consistent with model jury instructions and with the identification of "the trade dress" set forth earlier in the instructions.  The proposed revision would open the trade dress to the concept of "modernization" inconsistent with the earlier identification.

"The actual cessation of an established business plus an intent to abandon it is sufficient to constitute abandonment and *concomitant* loss of rights in a trademark."  T & T Mfg. Co. v. A. T. Cross Co., 449 F. Supp. 813, 823 (R.I.D.C. 1978) (quoting Sheila's Shine Prods. v. Sheila Shine, Inc., 486 F.2d 114, 124, (5th Cir. 1973).

**Plaintiff's Proposed Unfair Competition Instruction**

Plaintiff's proposed unfair competition instruction does away with the need to prove a likelihood of confusion regarding the source of the goods or services.  It would be inconsistent with the direct language of prong (A) of the Lanham Act, requiring that the alleged wrongful conduct "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,

connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person."

Plaintiff's proposed instruction again reverts to "inaccurate marketing statements" and "sales approach and marketing statements made by Smartling, even when those statemens did not accurately describe the capabilities of the Defendant's Easyling product." These would be the subject to prong (B) of the Lanham Act where liability is established where a party "misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities."

Again, a claim for false advertising under prong (B) was not made. The veracity of Defendant's statements was never the subject of discovery or investigation, nor were the supposed performance characteristics of Plaintiff's product against which they are alleged to be similar. Defendant was not required to defend at trial against false advertising claims under prong (B) because the claims alleged are under prong (A), which requires a likelihood of confusion as to the source of the goods or services and is not based on "the nature, characteristics, qualities, or geographic origin" as set out in prong (B). Plaintiff's proposed instruction would permit a finding of liability simply by a finding "that the combination of *some or all* of these actions was intended to create confusion in the marketplace, and succeeded in doing so—thus meeting the legal standard for unfair competition." Under the proposed instruction, liability for "some or all" actions would permit a finding of liability simply for "similar though inaccurate marketing statements" that have not been vetted.

Plaintiff's proposed instructions are inconsistent even with the preliminary injunction order *in* Fotomat Corp. v. Photo Drive-Thru, Inc., 425 F. Supp. 693, 708-709 (D. N.J. 1977) cited in Plaintiff's last effort to add such an instruction. Even in Fotomat, which stands nearly

alone on the topic, the court required the accused activity to be "in a manner which is likely to deceive purchasers regarding the origin of goods under all the circumstances."

In Professional Golfers Ass'n of America v. Bankers Life & Cas. Co., 514 F.2d 665, 671 (5th Cir. 1975), the quote offered by Plaintiff is mere *dicta*.  Immediately following, the court wrote, "In the present case, however, the facts underlying both actions coalesce. Bankers sought to 'pass off' its club as affiliated with the PGA, thereby trading on the PGA's reputation."

Plaintiff's proposed instruction is inconsistent even with the new case law cited in Plaintiff's own brief.  For instance, as Plaintiff quoted, "Under either theory, it is evident that the gravamen of an unfair competition claim is the likelihood of consumer confusion as to the source of the goods or services.  Plaintiff's emailed memorandum, p. 4 (quoting *Datacomm Interface, Inc. v. Computerworld, Inc*., 489 N.E.2d 185, 191–92 (Mass. 1986).

### *Conclusion*

It is most respectfully submitted that neither amendment to the current instructions should be entered.

Dated:  June 7, 2019                                                       Respectfully submitted,

                                                                 Defendant, by its Attorney,

*/s/ Thomas P. O'Connell*
Thomas P. O'Connell
BBO # 567,644
O'Connell Law Office
1026A Massachusetts Avenue
Arlington, MA 02476
tpo@oconnellusa.com
Telephone: 781.643.1845
Facsimile: 781.643.1846

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's Response to Plaintiff's "Statement of Additional Authority and Proposed Revision Regarding Proposed Jury Instructions", which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

Dated:  June 7, 2019                                         */s/ Thomas P. O'Connell*
                                                             Thomas P. O'Connell