UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMARTLING, INC., | * |
| Plaintiff, | * |
| v. | * Civil Action No. 14-cv-13106-ADB |
| SKAWA INNOVATION LTD., | * |
| Defendant. | * |

**MEMORANDUM AND ORDER ON SMARTLING'S
OPPOSITION TO SKAWA INNOVATION'S BILL OF COSTS**

BURROUGHS, D.J.

This action between Plaintiff Smartling, Inc. ("Smartling") and Defendant Skawa Innovation Ltd. ("Skawa") was tried before a jury from June 3 to June 12, 2019. Smartling sold a translation proxy application to help companies translate their websites into different languages. It alleged that Skawa's translation proxy project, Easyling, infringed on Smartling's trademark and trade dress by copying Smartling's website and other aspects of its branding. On June 12, 2019, the jury returned a verdict for Skawa, and on July 31, 2019, Skawa submitted a bill of costs. [ECF Nos. 150, 160].[1] Presently before the Court is Smartling's opposition to Skawa's bill of costs. [ECF No. 161]. Skawa requests costs of $7,372.10. [ECF No. 160]. For the reasons explained below, costs of $4,009.10 are <u>ALLOWED</u>.

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed

---

[1] Skawa filed a motion for attorney fees and costs on July 11, 2019 that did not include a bill of costs. [ECF No. 155]. The Court denied the motion for attorney fees, and on July 30, 2019, suggested that Skawa file a bill of costs if it wished to obtain costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. [ECF Nos. 157, 159].

to the prevailing party." Fed. R. Civ. P. 54(d)(1). While "[t]here is a background presumption [under Rule 54(d)] favoring cost recovery for prevailing parties," B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008), "[t]he award of costs is a matter given to the discretion of the district court," Sharp v. Hylas Yachts, Inc., No. 11-cv-11814-JCB, 2016 WL 10654435, at *1 (D. Mass. June 14, 2016). "[T]he 'prevailing party' is the party who prevails as to the substantial part of the litigation." Sheehy v. Town of Plymouth, No. 95-cv-12425-RBC, 2001 WL 92386, at *3 (D. Mass. Jan. 18, 2001) (quoting Testa v. Village of Mundelein, 89 F.3d 443, 447 (7th Cir. 1996)) (quotation marks omitted). Here, Skawa Innovation is the prevailing party. See [ECF Nos. 150, 159].[2]

Smartling argues that the Court should disallow Skawa's request for deposition transcripts costs because several of the transcripts at issue were not used at trial. [ECF No. 162 at 4 & n.2]. Under 28 U.S.C. § 1920, fees for transcripts "necessarily obtained for use in the case," are recoverable. Transcripts are "necessarily obtained for use in the case" if they are "either introduced in evidence or used at trial." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985). Deposition transcript fees may also be recoverable "if special circumstances warrant it," id., however, using deposition transcripts only to prepare for trial or in legal memoranda is not sufficient to impose costs, see Haemonetics Corp. v. Fenwal, Inc., 863 F. Supp. 2d 110, 116–17 (D. Mass. 2012); Walters v. President & Fellows of Harvard Coll., 692 F. Supp. 1440, 1443 (D. Mass. 1988) ("Although these depositions may well have been necessary

---

[2] Smartling argues that Skawa did not prevail on all counts where the Court entered summary judgment for Smartling on Skawa's Massachusetts General Laws chapter 93A counterclaim. See [ECF No. 162 at 1–2 & n.1]. The Court finds that Skawa prevailed as to the substantial part of the litigation. See [ECF No. 154]. For the avoidance of doubt, the Court notes that the judgment entered by the clerk for Skawa "on all counts" reflects the fact that the jury returned a verdict for Skawa on all county that proceeded to trial. Id. The judgment does not modify the Court's summary judgment order.

2

to the thorough preparation of the plaintiff's case, she has not demonstrated any special circumstances warranting the recovery of the associated costs.").

Skawa requests costs of $6,268.75 for "printed or electronically recorded transcripts necessarily obtained for use in the case." [ECF No. 160-1]. The Court finds an award of transcript costs associated with the depositions of Jack Welde and Peter Farago appropriate here. The Court allows costs of $908.50 for the deposition transcript of Peter Farago and the $195.00 virtual service fee associated with that deposition. See [ECF No. 160-2 at 4, 8]. The Court allows costs of $1,802.25 for Jack Welde's deposition transcript. See [ECF No. 160-2 at 3]. Thus, the Court allows total transcript costs of $2,905.75. The Court disallows the remaining $3,363.00 in transcript costs requested by Skawa.

The Court allows Skawa's request for $1,103.35 in printing costs. See [ECF No. 160-1].

The clerk shall tax costs in the amount of $4,009.10, being the sum of $2,905.75 in transcript costs and $1,103.35 in printing costs.

**SO ORDERED.**

August 12, 2019
/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE